CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/18/2020
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* v. LAURA E. VASSAR, DAVID L. VASSAR, *Defendants.* | CASE NO. 6:19-cv-00022 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Government's motion for default judgment against Defendants Laura and David Vassar ("Mrs. Vassar" and "Mr. Vassar," individually, and collectively, "the Vassars") for federal tax liabilities. Dkt. 8. In particular, the Government has moved the Court to "enter default judgment on Count I against Laura Vassar and David Vassar in the amount of $36,989.46, as of July 22, 2019, plus any statutory interest and penalties that accrue after that date according to law." Dkt. 9 at 4. Additionally, the Government "requests that the [Court] enter default judgment on Count II against Laura Vassar in the amount of $144,238.07, as of July 22, 2019, plus any statutory interest that accrues after that date according to law. *Id.* For the reasons stated below, the Government's motion shall be granted.

### I. BACKGROUND

The United States filed its complaint on April 23, 2019. Dkt. 1. On April 30, 2019, both Mr. and Mrs. Vassar were personally served with a Summons and the complaint at their personal residence. Dkt. 4, 5. The Vassars made no response to the complaint, and on June 13, 2019, pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of the Court entered default against

them. Dkt. 7. On July 15, 2019, the United States moved the Court to enter default judgment in its favor, Dkt. 8, and filed an accompanying Memorandum in Support of its motion, Dkt. 9.

## II. APPLICABLE LAW

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir.1982). Although the clear policy of the Rules is to encourage dispositions of claims on their merits, entry of default judgment is committed to the discretion of the court. *Id.* (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974)). Indeed, courts within the Fourth Circuit have noted that default judgment is especially appropriate "when the adversary process has been halted because of an essentially unresponsive party." *United States v. Martin*, No. 1:10CV116, 2011 WL 1467387, at *2 (N.D.W.Va. Apr.18, 2011) (quoting *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citation omitted)).

Upon default judgment, a plaintiff's factual allegations, excluding determination of damages, are accepted as true for all purposes. *See Ins. Servs. of Beaufort, Inc. v. Aetna Cas. and Sur. Co.*, 966 F.2d 847, 853 (4th Cir.1992). "[U]nder [R]ule 54, a default judgment may not be entered without a full hearing *unless* the damages are liquidated or otherwise uncontested." *Id.* (emphasis added); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). Rule 55(b)(2), in turn, provides that a court "may conduct" a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed.R.Civ.P. 55(b)(2).

## III. DISCUSSION

To establish a prima facie case of tax liability, the Government need only "introduce[ ] into evidence the certified copies of the certificates of assessment." *United States v. Pomponio,* 635 F.2d 293, 296 (4th Cir.1980) (citation omitted). "Once the United States establishes a prima facie case, the burden shifts to defendants to prove that the [Government's] determination was erroneous...." *Id.*

In this case, the Government has established tax liability through Account Transcripts Dkt. 9-2, from the Internal Revenue Service along with a Declaration signed by Revenue Officer Michelle Wade, Dkt. 9-1, who has reviewed the information concerning federal tax liability of, and balances due from, Mr. and Mrs. Vassar. Ms. Wade's Declaration reveals that Mr. and Mrs. Vassar "owe the United States §36,989.46 as of July 22, 2019, for federal income tax liabilities for the 2008, 2010, 2012, and 2014 tax years." Dkt. 9-1 at 3.

The Government has also established additional tax liability individual to Mrs. Vassar through Account Transcripts, Dkt. 9-3, from the Internal Revenue Service, again with the Declaration signed by Revenue Officer Wade, Dkt. 9-1, who reviewed the information concerning federal tax liability of, and balances due from, Mrs. Vassar individually. Ms. Wade's Declaration further reveals that Mrs. Vassar "owes $144,238.07 as of July 22, 2019, for trust fund recovery penalties for the following tax periods: 6/30/2008, 9/30/2008, 12/31/2008, 3/31/2009, 6/30/2009, 9/30/2009, 12/31/2009, 3/31/2010, 6/30/2010, 9/30/2010, and 12/31/2010. Dkt. 9-1 at 4.

Moreover, the United States has provided the Declaration of Kieran O. Carter, a trial attorney with the Tax Division of the Department of Justice, who has declared, with personal knowledge pursuant to his investigation under the Service Members Civil Relief Act, 50

U.S.C.App. § 501 *et seq.,* that Mr. and Mrs. Vassar are not service members currently on active duty status. Dkt. 9-4. Mr. Carter additionally declared that neither Mr. Vassar nor Mrs. Vassar are infants or otherwise incompetent. *Id.*

Ms. Wade's Declaration and accompanying Account Transcripts clearly establish the amount by which Mr. and Mrs. Vassar are in arrears in paying their joint and individual federal tax obligations, and Mr. Carter's Declaration assures the Court that the United States has diligently investigated whether any statutory or non-statutory barriers to default judgment exist. The Vassars have not contested the amount of damages alleged, and the United States is seemingly aware of no barriers to default judgment. Accordingly, the Government has made a prima facie case of Mr. and Mrs. Vassar's tax liabilities and shifted the burden to them to refute the Government's position. The Vassars, however, have set forth no evidence whatsoever, and therefore their liabilities are established for the unpaid taxes, penalties, and interest for the taxable periods contained in Counts I and II of the Complaint. Dkt. 1; *see also* 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601(a), (b) and 6621(a) (establishing statutory interest accruable on Defendants' tax liabilities). A hearing is unnecessary to conduct an accounting for damages under Rule 55(b)(2), and the Court may properly enter default judgment for the United States against Mr. and Mrs. Vassar collectively for their federal income tax liabilities, and against Mrs. Vassar individually for her trust fund recovery penalties.

### IV. CONCLUSION

For the foregoing reasons, the Government has demonstrated that it is entitled to default judgment against Defendants Laura and David Vassar for the federal tax liabilities sought in the complaint. An appropriate order will issue.

Entered this 18th day of March, 2020.

                    */s/ Norman K. Moon*
                    NORMAN K. MOON
                    SENIOR UNITED STATES DISTRICT JUDGE